KIRKPATRICK v. GRAY et al.

DONALDSON et al. v. PRIESTLY.

Nos. 11144, 11216.

United States Court of Appeals District of Columbia Circuit.

Argued March 14, 1952.

Decided July 10, 1952.

Writ of Certiorari Denied Nov. 10, 1952.

See 73 S.Ct. 178.

Francis P. Noonan, Washington, D. C., for Kirkpatrick.

Joseph Kovner, Atty., Department of Justice, Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and Edward H. Hickey, Atty., Department of Justice, both of Washington, D. C., were on the brief, for Gray, Donaldson and others.

Edmund E. Pendleton, Jr., Washington, D. C., for Priestly. W. S. Culbertson, Washington, D. C., also entered an appearance for Priestly.

Before EDGERTON, PROCTOR, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Kirkpatrick, appellant in No. 11144, and Priestly, appellee in No. 11216, were honorably discharged veterans and therefore "preference eligibles" in government employment. Kirkpatrick, after being in government employment without competitive civil service status, was transferred in May 1948 to a position as Legal Examiner, Veterans' Administration, "Subject to check of records and such investigation as is necessary." This transfer was described as "conversion to competitive status." Because he was a veteran with past government service he was credited with "Probational period of one year completed" in accordance with a regulation of the Civil Service Commission, 5 C.F.R. 2.113 (b). In December 1948 he was reassigned

as an Organization and Methods Examiner. Though this reassignment was marked "Permanent" it was also marked: "Subject to loyalty check and such investigation as may be necessary." In February 1949 he was dismissed by direction of the Civil Service Commission because an investigation by the Commission discovered a "fraudulent" statement in his application for appointment.

Appellee Priestly passed a competitive examination in August 1948 and was given, subject to investigation, a probational appointment as a substitute clerk carrier in the New York Post Office. In October 1949 he was dismissed by direction of the Civil Service Commission because an investigation by the Commission discovered "apparently intentional false statements" in his application for appointment.

A Civil Service Regulation, 5 C.F.R. 2.113, provides that "(a) A person selected for other than temporary appointment shall be given a probational appointment. The first year of service under this appointment shall be a probationary period. The agency shall utilize the probationary period as fully as possible to determine the fitness of each employee and shall terminate his services during such period if he fails to demonstrate fully his qualifications for continued Federal employment." Section 14 of the Veterans' Preference Act, 58 Stat. 390, 5 U.S.C.A. § 863, provides that "No permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the civil service, or in any establishment, agency, bureau, administration, project, or department * * shall be discharged * * *" except under conditions that were not met in the present cases. The question is whether, because Kirkpatrick and Priestly were "preference eligibles" and had "completed a probationary or trial period", their discharges violated § 14. We think not.

Since all preference eligibility created by the Veterans' Preference Act is without limit of time, it is "permanent or indefinite". It follows that those words in § 14 of the Act cannot be intended to distinguish some kinds of preference eligibility from other kinds. They must, therefore, be intended to distinguish some kinds of appointment or tenure from other kinds. Accordingly a "permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the civil service" is a preference eligible who (1) has a permanent or indefinite appointment or tenure (2) in the civil service and (3) has completed a probationary or trial period. Since the appointments of these men were subject to the results of investigations to be made within a limited time, they were not permanent or indefinite. Accordingly the men were not "permanent or indefinite preference eligibles" and their completion of probationary or trial periods did not entitle them to the benefits of § 14. By limiting § 14 to those preference eligibles who besides having completed a probationary or trial period are "permanent or indefinite", Congress directly recognized that those who have completed a probationary or trial period are not necessarily permanent or indefinite.

The public interest appears to require that many appointments be made without waiting for necessary investigations to be completed. It plainly requires that appointments so made be conditional on the results of the investigations. Section 11 of the Veterans' Preference Act, 58 Stat. 390, 5 U.S.C.A. § 860, provides that "The Civil Service Commission is hereby authorized to promulgate appropriate rules and regulations for the administration and enforcement of the provisions of this Act." Section 19 of the Act, 58 Stat. 391, 5 U.S.C.A. § 868, provides that "It shall be the authority and duty of the Civil Service Commission in all cases under the classified civil service to make and enforce appropriate rules and regulations to carry into full effect the provisions, intent, and purpose of this Act * * *." A regulation of the Commission, 5 C.F.R. 2.112, provides that "*Appointments may be subject to investigation.* (a) In the following types of appointments investigation designed to further establish the individual's qualifications may be made at any time within eighteen months of the personnel

action and removal may be ordered by the Commission if such investigation discloses that the individual is disqualified for Federal employment, and all such appointments shall be considered as subject to this condition: (1) Original probational. . . . (7) Conversions from excepted, war service indefinite, or temporary indefinite appointments to competitive appointments. (b) The condition 'subject to investigation' shall expire automatically at the end of eighteen months . . ." Another regulation, 5 C.F.R. 2.104, includes among reasons for denial of appointment "Intentional false statements or deception or fraud in examination or appointment."

We need not consider the government's contention that Kirkpatrick and Priestly were not "employed in the civil service" within the meaning of § 14, or its contention that this section applies only to discharges for cause by the agency concerned and not to discharges required by the Civil Service Commission by reason of a disqualification.

No. 11144 affirmed.

No. 11216 reversed.