Maurice **MEDOFF**, Plaintiff,

v.

Orville L. **FREEMAN**, as he is Secretary of the United States Department of Agriculture, and the United States Department of Agriculture, Defendants.

Civ. A. No. 63–724.

United States District Court
D. Massachusetts.

Oct. 14, 1965.

------♦------

Morris M. Goldings, Boston, Mass., for plaintiff.

Melvin B. Miller, Asst. U. S. Atty., Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action for declaratory and other relief in which the parties have filed a written stipulation that the following facts constitute all of the facts necessary for the determination of the action:

1. The plaintiff was appointed on October 3, 1961 to the position of Plant Quarantine Inspector in the United States Department of Agriculture, Plant Quarantine Division, Agricultural Research Service.

2. The plaintiff was given a Career-Conditional Appointment in the competitive service and was required to serve a probationary period of one year from October 3, 1961, the date of his appointment.

3. On or about September 27, 1962, plaintiff received a Notification of Personnel Action signed by one Paul K. Knierin, employment officer, and dated September 26, 1962.

4. On or about September 27, 1962, plaintiff received a letter dated September 26, 1962 signed by Paul K. Knierin.

5. Executive Orders 10987 and 10988 were in effect from January 17, 1962 and at all subsequent times relevant to this case. The Executive Orders are entitled "Agency Systems for Appeals from Adverse Actions" and "Employee-Management Cooperation in the Federal Service" respectively.

6. At all times relevant to this case, Department of Agriculture Regulations Title 8, Chapters 45 and 58, were in effect. The said regulations are entitled "Grievance Appeals Procedure" and "Adverse Actions—Departmental Appeals System" respectively.

7. By letter dated October 1, 1962 the plaintiff appealed to the Department of Agriculture the ruling of the defendant as stated in the documents referred to in paragraphs numbered 3 and 4, and requested the opportunity for a hearing under Regulations Title 8 Chapter 45 of the Department of Agriculture and any and all other applicable sections.

8. The plaintiff appealed the ruling of the defendant to the Civil Service Commission and requested the opportunity for a hearing.

9. By letter dated November 7, 1962 the defendant informed the plaintiff that he did not have any appeal rights in the Department of Agriculture.

10. By letter dated October 16, 1962 the plaintiff was informed by the Regional Director of the Boston Regional Office of the United States Civil Service Commission that the Civil Service Commission has no authority by law or regulation to pass upon the merits of an action of another agency in separating an employee during his probationary period, except when it is claimed that the action was taken for political reasons, or because of discrimination because of marital status or physical handicap, or when review is required by law. Plaintiff was also informed that he could appeal further to the Board of Appeals and Review, United States Civil Service Commission, Washington 25, D. C.

11. By letter dated January 24, 1963 plaintiff was informed by the Chairman, Board of Appeals and Review, United States Civil Service Commission, Washington, D. C., that the Commission was without authority to consider further the matter of plaintiff's separation during probation, and the decision of the Boston Regional Office was affirmed.

■ I rule that this court has jurisdiction to hear and determine this case pursuant to the provisions of 28 U.S.C. § 1361. For this reason I do not reach the question of whether the court also

has jurisdiction under the provisions of 28 U.S.C. § 1346(a) (2).

 I further rule that plaintiff is not entitled to the relief he seeks herein because as a probationary employee of the Department of Agriculture he is foreclosed by paragraph 1615(j) of Chapter 45 of the regulations of the Department from utilizing the appellate procedure set forth in paragraph 1611(b) of Chapter 45. Plaintiff is likewise disqualified from taking advantage of the procedure set forth in paragraph 1611 (b) by the provisions of paragraph 1615 (a) of Chapter 45 and by paragraph 2218 of Chapter 58 of the departmental regulations.

It should be noted that paragraph 2218 (d) of Chapter 58 of the departmental regulations states the Department of Agriculture policy to be that

"the separation of an employee in the competitive service, whose work performance or conduct during his trial period has failed to demonstrate his fitness or qualifications for continued employment, *is a necessity to maintain the Department's standards*." (Emphasis added.)

The Notification of Personnel Action sent to plaintiff stated unequivocally that his superiors found him unfit for continuance in the Department prior to the termination of his probationary period because of his submitting travel vouchers under false pretenses. Paragraph 2218(c) of Chapter 58 provides that the presentation of a false claim is sufficient ground for removal of a probationary employee. The record indicates that subsequent to the raising of the charge of unsatisfactory conduct against the plaintiff the Department followed the investigative procedure required by paragraph 2221(b) of Chapter 58, and, also, that the Department gave plaintiff the written notice required by paragraph 2222(b) of Chapter 58. Paragraph 2226 of Chapter 58 establishes that the Form SF–50 (Notification of Personnel Action) used to effect plaintiff's separation from the Department of Agri-culture may also serve as the notice required in writing by paragraph 2226.

Finally, it should be noted that paragraph 2231(b) of Chapter 58 provides:

"Appeals under this section are not available to (1) an employee serving a probationary or trial period."

 There is no merit in plaintiff's contentions regarding the applicability of Executive Orders 10987 and 10988. Complaint dismissed. Judgments for defendants.