Maurice **MEDOFF**, Plaintiff, Appellant,

v.

Orville L. **FREEMAN**, Secretary of Agriculture, et al., Defendants, Appellees.

No. 6661.

United States Court of Appeals First Circuit.

June 22, 1966.

Morris M. Goldings, Boston, Mass., with whom William Carr and Mahoney, McGrath & Goldings, Boston, Mass., were on brief, for appellant.

J. William Doolittle, Atty., Dept. of Justice, with whom John W. Douglas, Asst. Atty. Gen., W. Arthur Garrity, Jr., U. S. Atty., and Morton Hollander and Richard S. Salzman, Attys., Dept. of Justice, were on brief, for appellees.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

## OPINION OF THE COURT

COFFIN, Circuit Judge.

This action was brought by plaintiff for reinstatement to his position with the United States Department of Agriculture, to compel the government to expunge all references to the alleged wrongful separation from its records, and for salary claimed to be due him for a period following the discharge. The district court, on an agreed statement of facts, found for the government, 246 F.Supp. 125, and this appeal followed. We affirm.

Plaintiff entered employment with the government on October 3, 1961, when he received a career-conditional appointment as a Plant Quarantine Inspector in the Department of Agriculture. He was required to serve a probationary period of one year from the date of his appointment. On or about September 27, 1962 the plaintiff received a Notification of Personnel Action and a letter signed by an employment officer of the Department notifying him that he would be separated from the position effective October 1, 1962 because of "submission

of travel vouchers under false pretensions".

After being informed by the Department that he did not have any appeal rights under its procedures, the plaintiff appealed the ruling to the Civil Service Commission and requested the opportunity for a hearing. The response of the Commission was that it has no authority by law or regulation to pass upon the merits of an action of another agency in separating an employee during his probationary period, except in circumstances not applicable here.

■ In 1883, with the creation of the Civil Service system, Congress expressed its intention "that there shall be a period of probation before any absolute appointment or employment" in the civil service is achieved. 22 Stat. 403, 404.[1] It is clear that Congress intended that the prospective career employee demonstrate his fitness and character for continued employment during this period. That requirement has been retained in civil service legislation. See 5 U.S.C. § 633(2)4; 5 C.F.R. § 315.803 (1964 ed.).

■ Plaintiff, relying on Chapter 58 [2] of Title 8, Department of Agriculture Regulations, argues that the regulations authorize a probationary employee to appeal a decision to separate him from government service. We find that reliance to be misplaced.

While Paragraph 2218c of Chapter 58 recognizes the presentation of a false claim as a ground for "removal", the Department took the action described in Paragraph 2218d of "separation-disqualification" during the probationary period. This paragraph sets forth the principle that "the separation of an employee in the competitive service, whose work performance or conduct during his trial period has failed to demonstrate his fitness or qualifications for continued employment, is a necessity to maintain the Department's standards". When this ground is relied upon, Paragraph 2226 requires a notice in writing, stating why the employee is being separated and must "as a minimum, state the agency's conclusions as to the inadequacies of his performance or conduct".

A probationary employee in Agriculture is not, under these circumstances, entitled to a "letter of charges" (Para. 2222a; b(1)); a fortiori, a right to reply; or an appeal for administrative reconsideration by the Department (Para. 2231b(1)). His only right of appeal is to the Civil Service Commission on the limited grounds of discrimination for political, marital, or physical reasons (Para. 2242b).

■ The investigative procedure required by Paragraph 2221b was followed and plaintiff received his written notice on an authorized form, which notified him of his limited Civil Service Commission appeal rights. Plaintiff has diligently tried to read into the Department's regulations a right of departmental appeal where none exists. His basic complaint seems finally to come down to that of an inadequate statement of the reason for separation. We hold that the notice adequately, if minimally, sets forth both the reason for

---

1. The courts have frequently recognized that Congress did not provide any appeal procedures for government employees dismissed from probationary trial employment. Semaan v. Mumford, 1964, 118 U.S.App.D.C. 282, 335 F.2d 704; Hicks v. Day, 1961, 110 U.S.App.D.C. 121, 289 F.2d 787; Bander v. United States, 158 F.Supp. 564, 141 Ct.Cl. 373, cert. denied, 358 U.S. 855, 79 S.Ct. 85, 3 L.Ed.2d 89; Nadelhaft v. United States, 1955, 132 Ct. Cl. 316, 131 F.Supp. 930; Kirkpatrick v. Gray, 1952, 91 U.S.App.D.C. 138, 198 F.2d 533, cert. denied, Priestly v. Donaldson,

344 U.S. 880, 73 S.Ct. 178, 97 L.Ed. 682; Levy v. Woods, 1948, 84 U.S.App.D.C. 138, 171 F.2d 145.

2. Plaintiff has devoted considerable attention to analyzing the provisions of Chapter 45, which concerns itself with procedures for handling grievance appeals in the interest of effective personnel relations. It specifically excludes both "disciplinary or adverse actions" and "probationary and trial period disqualifications". Chapter 58, governing "adverse actions", is, as plaintiff ultimately recognizes, the relevant one for his case.

separation and the Department's conclusions.

■ Plaintiff makes the alternative contention that if the above regulations do not authorize an appeal in this instance the regulations themselves are invalid because they are in conflict with Presidential Executive Orders Nos. 10987 and 10988. 27 Fed.Reg. 550 and 551. The orders are entitled "Agency Systems for Appeals from Adverse Actions" and "Employee-Management Cooperation in the Federal Service", respectively.[3]

Executive Order No. 10987, signed by President Kennedy on January 17, 1962, had as its objective the improvement of the federal service through insuring adequate systems of administrative reconsideration of "adverse actions" against employees. It charged the Civil Service Commission to issue regulations and review departmental and agency actions in carrying out the order. It further set out certain "guiding principles" of an appeals system, including at least one level of appeal and "ordinarily" an opportunity for a hearing with right of representation (Section 3(4), (5), (7)). Plaintiff argues that these provisions apply to his case and override both departmental and Civil Service Commission regulations.

We find no substance in this argument. The Executive Order makes no specific reference to probationary government employees and has been interpreted by the Civil Service Commission, consistent with its prior practice, not to require the extension of agency appeal rights to probationers. The Order itself is careful to provide that it shall not "be deemed to enlarge or restrict" the authority of the Commission.[4]

As Judge McGowan observed with reference to the companion Order, No. 10988, this " * * * represents in essence a formulation of broad policy by the President for the guidance of federal employing agencies. * * * he imposed no hard and fast directives on the many different kinds of employees; and he left large areas for the exercise of discretion at levels below the summit * * *." Manhattan-Bronx Postal Union v. Gronouski, 1965, 121 U.S.App.D.C. 321, 350 F.2d 451, 456, cert. denied, 1966, Manhattan-Bronx Postal Union v. O'Brien, 382 U.S. 978, 286 S.Ct. 548, 15 L.Ed.2d 469.

In view of the long standing policy of Congress to distinguish between probationary and post-probationary career employees and the prevailing executive branch regulations, it would have been questionable indeed to attempt to read into an executive order which is concerned with the generality of employees the abolition of a major difference between the probationary and the permanent employee.

■ Plaintiff, finally, asserts violation of Fifth Amendment rights by regulations which deny probationers a hearing in connection with separation and thereby establish "an irrational classification of persons", and by a notice of separation which charged him "with nothing less than a crime". That the government has the power summarily to discharge employees, in the absence of legislation, is well established. Cafeteria and Restaurant Workers, etc., v. McElroy, 1961, 367 U.S. 886, 896, 81 S.Ct. 1743,

---

3. All of Executive Order No. 10988, except Section 14, deals with employee-management relations within the federal service and is not applicable here. Section 14 extends to employees in the civil service the benefits of Section 14 of the Veterans' Preference Act, 5 U.S.C. 863, which states that its benefits are available only to that employee "who has completed a probationary or trial period".

4. Not only is the interpretation of the Order by the Commission entitled to "great deference" but under the circumstances it cannot be said that such interpretation was "plainly erroneous". Udall v. Tallman, 1965, 380 U.S. 1, 16, 17, 85 S.Ct. 792, 13 L.Ed.2d 616, rehearing denied, 380 U.S. 989, 85 S.Ct. 1325, 14 L.Ed.2d 283. The present Civil Service Regulations state: "An agency appeals system does not apply to * * * (4) an employee currently serving a probationary or trial period." 5 C.F.R. § 771.204(b) (1964 ed.).

6 L.Ed.2d 1230; cf. also cases in note 1, supra. That the classification among employees is not irrational was acknowledged in argument by counsel for plaintiff, who would settle for "less of an appeal" for probationers than for permanent employees. Plaintiff in effect urges a classification with distinctions but without basic differences as to key rights.

■ Coming to the reason given for separation, the "submission of travel vouchers under false pretenses", plaintiff asserts that he has been accused of a crime, that the reason relied upon impairs his reputation in the community, and that he therefore is entitled to confront his accusers at a hearing. Perhaps it is enough to say that the premises of plaintiff's argument are not established in that the stated reason for separation is consistent with an unknowing or careless act,[5] and that there has been no allegation or proof of damage to reputation or inability to find other employment, federal or otherwise.[6] We think something more needs to be said, however, because of the far reaching nature of the assertion.

Just how far reaching it is requires a recognition of certain factors relevant to plaintiff's situation. The first is that, as we have noted, probationary employees can be summarily separated. The second is that any reason other than reduction in force is likely to be to some extent a reflection on a probationer's ability, temperament, or character. The third is that basic legislation, the Lloyd-LaFollette Act, 5 U.S.C. 652, which applies only to the "classified civil service" (not including career-conditional employees) provides that examination of witnesses, trial, and hearing are matters for the discretion of the officer making the removal. 5 U.S.C. 652(a).

Hence, in accepting plaintiff's reasoning, as applied to the facts of this case, we would be supporting the following propositions: (1) that while a summary dismissal of a probationer without giving grounds would be invulnerable, giving a reason which reflects somewhat on his "reputation and standing" opens the door to constitutional challenge; (2) that, if reasons are indeed to be given at all, departmental officials would be well advised to eschew candor and cultivate blandness; and (3) that, apart from security cases (the only exception plaintiff concedes), hearings must, contrary to long standing legislation, no longer be left to the discretion of officials even in the case of probationary employees. We think that the resulting situation would represent no real gains for the individual, but would be a major step backward in effective employer-employee relationships, and a serious judicial erosion, if not abolition, of the concept of a trial or probationary status.

Affirmed.

---

5. See 18 U.S.C. § 1001: "Whoever * * * knowingly and willfully falsifies * * * a material fact, or makes * * * any false writing * * * knowing the same to contain any false * * * statement * * * shall be fined * * * or imprisoned * * *."

6. This case seems well within the bounds of Cafeteria and Restaurant Workers, etc. v. McElroy, 1961, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230, where a long time employee of a contractor on a military installation was summarily discharged for "security reasons". Like Cafeteria and Restaurant Workers, this case involves a separation from a particular job and not a deprivation of livelihood. See comment by Justice Douglas in Willner v. Committee on Character, 1963, 373 U.S. 96, 103 n. 2, 83 S.Ct. 1175, 10 L.Ed. 2d 224.