**Frank LEONARD, Plaintiff-Appellant,**

v.

**Jule SUGARMAN, Commissioner of the Department of Social Services of the City of New York, individually, and in his official capacity, Defendant-Appellee.**

**No. 43, Docket 72–1238.**

United States Court of Appeals, Second Circuit.

Argued Sept. 13, 1972.

Decided Sept. 15, 1972.

Alexander A. Kolben, New York City, for plaintiff-appellant.

Beatrice Rothman, New York City (J. Lee Rankin, Corp. Counsel, Stanley Buchsbaum, New York City, on the brief), for defendant-appellee.

Before FRIENDLY, Chief Judge, and LUMBARD and FEINBERG, Circuit Judges.

PER CURIAM:

Plaintiff Frank Leonard, a social worker, was formerly employed by the New York City Department of Social Services. In January 1971, his immediate superior ordered him, pursuant to New York Civil Service Law, McKinney's Consol.Laws, c. 7, § 72, to report for a psychiatric examination to determine his fitness to continue in his position. Leonard refused and was suspended. A hearing followed, as provided for by Civil Service Law § 75, to establish the fact of his insubordination, and when Leonard persisted in his refusal to undergo the psychiatric examination aft-

er the hearing he was dismissed from his job. He subsequently sued in the United States District Court for the Southern District of New York under 42 U.S.C. § 1983, alleging that the New York statutory procedure violated his rights of privacy and free speech and denied him due process of law. Plaintiff sought damages, injunctive relief and the convening of a three-judge court to hear his case. Judge Bonsal dismissed the complaint on the ground that it presented no substantial federal question.

■ The New York provisions, which authorize an "appointing authority" to order a civil service worker to undergo "a medical examination" when, in the authority's judgment, the "employee is unable to perform the duties of his position by reason of a disability . . .," apply to all such employees. If the medical report is adverse, an administrative appeal is available to test whether that determination "is arbitrary or unreasonable." Plaintiff's main argument is that before a section 72 order may even issue there must always be a preliminary adversary administrative hearing as to the justification for the examination. We do not believe that the United States Constitution requires such a hearing within a hearing. Potentially more serious is plaintiff's further allegation that in his particular case the order to undergo a psychiatric examination was issued in retaliation for criticism of the program in which he was participating and for the purpose of either silencing him or removing him from his position.

■ We find, however, that in the circumstances of this case plaintiff's appeal fails to present a substantial issue. Prior to the hearing to determine whether plaintiff had refused to obey his superior's order to be examined, he was served with a list specifying the following as the basis of the order: halting a staff meeting by shouting; playing a radio (with an earplug) during another meeting; entering the training class of another teacher and, without permission, putting up a poster and talking to the trainees; and so disrupting a conference by playing a radio loudly and shouting that he had to be escorted from the premises by a security guard. Plaintiff does not seriously contest these charges; indeed, in his complaint he notes at least one violent argument with his superior. Although the authority conferred by the provisions in question may be subject to abuse in some instances, we find no indication that this is such a case. Accordingly, we leave to another day whether a "substantial" federal question would then be raised. Utica Mutual Ins. Co. v. Vincent, 375 F. 2d 129 (2d Cir.), cert. denied, 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967). There was none here.

Judgment affirmed.