**Margaret JENKINS, Plaintiff-Appellant,**

**v.**

**U. S. POST OFFICE et al., Defendants-Appellees.**

**No. 72-2287.**

United States Court of Appeals,
Ninth Circuit.

March 15, 1973.

Peter Greenfield (argued), Legal Services Center, Seattle, Wash., for plaintiff-appellant.

Joseph B. Scott, Atty. (argued), Alan S. Rosenthal, Atty., Harlington Wood, Jr., Asst. Atty. Gen., Civil Div., Dept. of Justice, Washington, D. C., Stan Pitkin, U. S. Atty., Ernest Scott, Jr., Asst. U. S. Atty., Seattle, Wash., for defendants-appellees.

Before KOELSCH and WRIGHT, Circuit Judges, and BELLONI,* District Judge.

BELLONI, District Judge:

This is an appeal from an order granting summary judgment in favor of the United States.

Margaret Jenkins (plaintiff) was employed as a postal trainee by the United States Post Office. Her appointment

---

* Honorable Robert C. Belloni, United States District Judge, District of Oregon, sitting by designation.

was "career conditional" with a one year probationary period. Plaintiff's employment was terminated in the course of the probationary period because of her "failure to meet minimum standard requirements." Plaintiff was informed of her discharge by letter which additionally advised her that "[t]here is no allowable appeal from this decision through the Post Office Department procedures."

Plaintiff maintains that she was entitled to a pre-dismissal hearing. Conceding that the right to a hearing is not authorized by any statute or regulation, plaintiff contends that such a hearing is required by the Fifth Amendment, and that her termination from government employment without a hearing constituted a deprivation of liberty and property without due process of law.

We find plaintiff's arguments unconvincing and affirm the decision of the district court.

 Plaintiff suggests that the Constitution requires a hearing to protect an individual's liberty any time a government employee is discharged under circumstances which reflect unfavorably upon his character. This proposition is overly broad. "[A]ny reason [assigned for the dismissal] other than reduction in force is likely to be to some extent a reflection on a probationer's ability, temperament, or character." Medoff v. Freeman, 362 F.2d 472, 476 (1st Cir. (1966). Nonetheless, not every dismissal attains constitutional proportions. "Where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971). However, a posting procedure similar to that which concerned the Court in *Constantineau* is not at issue here. Plaintiff's reliance on *Constantineau* is inappropriate.

Plaintiff did not have a property interest in her continued employment. "To have a property interest in a benefit, a person clearly must have more

than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The Court, in *Roth,* further observed that "[p]roperty interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Roth* at 577, 92 S.Ct. at 2709. Plaintiff was a probationary employee and as such had no right to continued employment. Plaintiff's status did not give rise to a property interest entitling her to a pre-dismissal hearing.

Affirmed.