John F. **LOMBARD**, Plaintiff,

v.

The **BOARD OF EDUCATION OF the CITY OF NEW YORK and John A. Murphy**, Defendants.

No. 72 Civ. 344.

United States District Court,
E. D. New York.

June 6, 1975.

Supplemental Memorandum & Order.

Sept. 9, 1975.

Gene Ann Condon, New York City, for plaintiff.

W. Bernard Richland, Corp. Counsel by Nancy E. Siegel, Asst. Corp. Counsel, New York City, for defendants.

### MEMORANDUM & ORDER

Following a decision of the Circuit Court of Appeals remanding this case "for further consideration of [plaintiff's] motion for a preliminary injunction in conformity with [said Court's] opinion" (502 F.2d 631, 638 (2d Cir. 1974)), plaintiff renewed its motion for a preliminary injunction reinstating him as a teacher in the New York City public schools.

See 28 U.S.C. § 2284(2) and N.Y. CPLR § 1012(b).

**1362**

The facts are set forth in the opinion of the Circuit Court of Appeals (Gurfein, J.) and will not be reiterated herein.

Suffice it to say that the Circuit Court of Appeals concluded in its opinion that plaintiff should be given a trial in this Court "to determine whether [the defendants] have violated his Federal constitutional rights. *Cf. Arnett v. Kennedy,* 416 U.S. 134, 156, 159, 167, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (noting right to plenary post-termination hearing)."

Preliminary injunctive relief would not appear to be appropriate in the case at bar because to obtain such plaintiff must have demonstrated either a combination of probable success on the merits and the possibility of irreparable injury or raise serious questions going to the merits and show that the balance of hardships tip sharply in his favor. *McGuire Shaft and Tunnel Corporation v. Local Union No. 1791, U. M. W.,* 475 F.2d 1209 (1973), *cert. denied,* 412 U.S. 958, 93 S.Ct. 3008, 37 L.Ed.2d 1009 (1973); *Stark v. New York Stock Exchange, Inc.,* 466 F.2d 743 (2d Cir. 1972); *Clever Idea Co., Inc. v. Consumer Product Safety Commission,* 385 F. Supp. 688, 692 (E.D.N.Y.1974); *Moore v. Kibbee,* 381 F.Supp. 834, 837 (E.D.N.Y.1974); *GSE Dynamics, Inc. v. John Doe, et al.,* 381 F.Supp. 1088, 1094 (E.D.N.Y.1974).

While plaintiff may have shown some probability of success on a trial on the merits in that he does not appear to have received a plenary pre- or post-termination hearing, and hence may have been denied constitutional due process, there is no demonstration of irreparable injury or showing that the balance of hardships tips sharply in his favor.

Plaintiff's claim that he has been denied other employment opportunities within the Board of Education's jurisdiction is insufficient. *Moore v. Kibbee,* 381 F.Supp. 834, 837 (E.D.N.Y.1974).

Moreover, "such a claim lacks sufficient merit in view of the fact that an adequate remedy is available if plaintiff succeeds in his action." *Moore v. Kibbee,* 381 F.Supp. 834, 837 (E.D.N.Y. 1974); *Tichon v. Harder,* 308 F.Supp. 839, 842 (D.Conn.1970), aff'd, 438 F.2d 1396 (2d Cir. 1971). See also *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) and *Kennedy v. Engel,* 348 F.Supp. 1142 (E.D.N.Y.1972).

With respect to the balance of hardships, the interests of the Board and the children in the school are easily equal, if not far superior, to the interests of the plaintiff who, regardless of the due process questions arising by reason of the specific finding heretofore made by the Board in this case, may well be removable on such stated or other grounds.

The key to this situation may well not be the reinstatement of the plaintiff but rather an opportunity for the plaintiff to clear his "good name, reputation, honor or integrity" (*Board of Regents v. Roth,* 408 U.S. 564, 574, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972)) and, if warranted, an award of appropriate damages.

■ This Court therefore feels constrained to deny plaintiff's motion for a preliminary injunction on condition that the defendants' counsel cooperate fully with plaintiff's counsel to complete any pretrial discovery which may be necessary as expeditiously as possible so that plaintiff may obtain an early trial on the issue of whether his constitutional rights have been violated. As soon as all such discovery is completed (or the parties agree that none is needed), counsel should advise the Court and a trial date will be set. In any event, unless good cause be shown, discovery will be deemed completed and the case ready for trial no later than June 20, 1975.

So ordered.

SUPPLEMENTAL MEMORANDUM & ORDER

PLATT, District Judge.

■ The Circuit Court of Appeals, in an opinion in which the facts are sum-

marized (502 F.2d 631), having held that the plaintiff should be given a trial in the District Court to determine whether defendants have violated his constitutional rights, the question submitted by the parties is what, if any, issues should be tried by this Court, defendants contending that the question of plaintiff's mental disorder should be resubmitted to the Committee of the Superintendent for an adversary rehearing in accordance with Section 105a of the By-Laws of the Board of Education and the plaintiff arguing that such issue is for this Court to try.

Since the Circuit Court of Appeals held that in the case at bar "summary judgment was inappropriate" and contrasted this case to *Leonard v. Sugarman*, 466 F.2d 1366, 1367 (2d Cir. 1972) where summary judgment was appropriate in that plaintiff did not "seriously contest" charges of misconduct, it would seem to follow that where, as here, the issue of mental disorder was and is vigorously contested, such issue must be tried by this Court. If there were no issue of fact to be tried by the Court, partial summary judgment, of course, could have been granted to the plaintiff by the Circuit Court of Appeals but it was not. *Petroleo Brasileiro, S. A. Petrobras v. Ameropan Oil Corp.*, 372 F.Supp. 503 (E.D.N.Y.1974).

Further support for this conclusion is found in the Circuit Court of Appeals earlier statement to the effect that plaintiff should be given a trial in the District Court to determine whether his constitutional rights have been violated and that "if [the first stated reason for determination] is unsupportable in fact it does grievous harm to" plaintiff. Thus, the converse of the latter would also appear to be true, namely, that if the stated reason was supportable in fact, little or no harm may have been done to the plaintiff.

Given the question *ab initio*, a different decision might well have been reached (see *Buck v. Board of Education, et al.*, E.D.N.Y.1974, 71 Civ. 954)

since it is true that the plaintiff himself in his motion papers asked that "the Board of Education * * * be directed to give me an evidentiary hearing that complies with constitutional due process procedures" and that *Skehan v. Board of Trustees of Bloomsburg State College*, 501 F.2d 31 (3d Cir. 1974), says that it would not be proper for this Court "to substitute (any) finding it made for the in-house hearing which the institution should have afforded prior to terminating". However, that Court also says that "it was proper for the (district) court to consider that (liberty) claim in the first instance" and the Circuit Court of Appeals has ordered a trial.

It must be borne in mind that more than one reason was assigned by the Committee of the Superintendent for the termination of the plaintiff and since the plaintiff was a probationary teacher with no property right, perhaps none need have been.

In other words, as indicated in the Court's memorandum and order dated June 6, 1975 denying plaintiff's motion for a preliminary injunction, the key question for this Court appears to be to determine whether the facts support the "stigma" attached to the plaintiff or whether his "good name, reputation, honor or integrity" should be cleared.

The Court may also have to determine, in the light of the foregoing, what damages are the natural and proximate consequences of the failure of the Committee to afford the plaintiff a proper adversary hearing at the time of his termination, having set forth the first reason which it did therefor.

If, in addition, reinstatement is sought, it would appear that the plaintiff would have to prove that the Committee would not have made its recommendation if the facts do not and did not support the first ground therefor.

The foregoing constitutes the Court's analysis of the present status of the case and the Court again directs the

parties to complete all pretrial discovery prior to September 19, 1975 (on which date at 2:00 PM the case will be called on the Court's calendar) so that a prompt trial may be arranged and had.

` So ordered.