589 F.2d 16
 Jeremiah V. O'CONNOR, Plaintiff-Appellant,
v.
William YEZUKEVICZ, In His Capacity as Superintendent of
Maintenance at U.S. Post Office in Brockton, and Richard E.
Samuelson, In His Capacity as Postmaster of the U.S. Post
Office in Brockton, Defendants-Appellees.
 No. 78-1138.
 United States Court of Appeals,
First Circuit.
 Submitted Sept. 7, 1978.
Decided Nov. 21, 1978.
 
 Jeremiah V. O'Connor, pro se.
 Edward F. Harrington, U. S. Atty. and Richard Glovsky, Asst. U. S. Atty., Chief, Civil Division, Boston, Mass., on brief, for defendants, appellees.
 Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.
 BOWNES, Circuit Judge.
 
 
 1
 Plaintiff-appellant appeals dismissal of his complaint by the district court for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).
 
 
 2
 This Pro se action was brought against the superintendent of maintenance and the Postmaster of the United States Post Office in Brockton, Massachusetts, in their official capacities. The factual allegations in the complaint must, because of the dismissal, be accepted as true. Walker, Inc. v. Food Machinery, 382 U.S. 172, 175, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). These are contained in paragraphs 1 through 5 of the Statement of Facts and can be summarized as follows: Plaintiff had a ninety day contract with the Brockton Post Office as a custodial laborer; defendant Yezukevicz notified him that his work schedule would be changed from the night shift to the day shift; plaintiff protested this change and explained that he was unable to work on the day shift and was informed that, if he could get another employee to work the day shift, he could continue on the night shift; that he obtained such a substitute, but that Yezukevicz would not accept him and "(s)ince Plaintiff was unable to work tour two (the day shift) at that time and defendant Yezukevicz refused to honor his prior agreement with the Plaintiff, the Plaintiff was summarily dismissed without cause."
 
 
 3
 We are mindful of the rule that Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), and it is with this perspective that we examine the allegations as to jurisdiction and cause of action. Jurisdiction was originally asserted "under Article III, Section 2, Clause 1 of the Constitution of the United States and by 15 U.S.C. 1346." Since 15 U.S.C. § 1346 is non-existent, we assume that plaintiff intended to cite 28 U.S.C. § 1346. In any event, the complaint was amended by asserting jurisdiction under 28 U.S.C. §§ 1339[1] and 1346. We assume the plaintiff is claiming jurisdiction under 28 U.S.C. § 1346(a)(2), which provides in pertinent part:
 
 
 4
 (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
 
 
 5
 (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.
 
 
 6
 We construe the complaint to predicate four causes of action: (1) breach of contract, (2) a dismissal that violated appellant's due process rights to a hearing, (3) a deprivation of a property right to "earn an income to support himself," and (4) an equal protection claim based on the fact that he was dismissed without a hearing "which would be granted to union members."
 
 
 7
 The relief sought was a temporary restraining order, a preliminary injunction, and a permanent injunction, "enjoining the defendants from continuing to deprive the plaintiff of his right to complete his contract with the United States Post Office." No money damages were sought. Plaintiff also asked that defendants pay the cost of litigation and that the court "(o)rder such other relief as to this Court seems meet and just."
 
 
 8
 We turn first to the question of subject matter jurisdiction. As the district court correctly pointed out, 28 U.S.C. § 1339 requires an independent statutory basis of jurisdiction. Appellant finds this in 39 U.S.C. § 1001(b), which provides in pertinent part:
 
 
 9
 The Postal Service shall establish procedures, in accordance with this title, to assure its officers and employees meaningful opportunities for promotion and career development and to assure its officers and employees full protection of their employment rights by guaranteeing them an opportunity for a fair hearing on adverse actions, with representatives of their own choosing.
 
 
 10
 We agree with the district court that this statute applies only to permanent service employees. The first two sentences of the section clearly support that reading.
 
 
 11
 Officers and employees of the Postal Service (other than those individuals appointed under sections 202, 204, and 1001(c) of this title) shall be in the postal career service, which shall be a part of the civil service. Such appointments and promotions shall be in accordance with the procedures established by the Postal Service.
 
 
 12
 While we find no basis for characterizing the plaintiff a probationary employee as did the district court,[2] it is clear that 39 U.S.C. § 1001(b) is not applicable to appellant who, by his own statement, had a ninety day contract as a custodial laborer and, therefore, does not come within the meaning of career employee. Nor can we find any other statutory source of jurisdiction that would satisfy the requirements of 28 U.S.C. § 1339.
 
 
 13
 Jurisdiction under 28 U.S.C. § 1346(a)(2) also requires a separate basis; an Act of Congress, regulation of an executive department or the Constitution. Since there is no Act of Congress or executive department regulation basis, we must determine whether a constitutional claim has been alleged. Any such claim must be grounded upon a property interest that appellant has in his continued employment with the Post Office. No other constitutional deprivation has been pleaded either explicitly or by broad inference. There is no suggestion of racial discrimination as a reason for his termination; nor is there anything in the pleadings that could be interpreted to mean that his reputation has been damaged or that his ability to find other employment has been jeopardized. See Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).
 
 
 14
 The stark fact is that plaintiff has no such property interest in his alleged employment contract as would ground a constitutional claim. In Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Court held:
 
 
 15
 To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.
 
 
 16
 Appellant's rights as a temporary employee do not rise as high as that of a probationary employee who does not have the right to a hearing prior to employment termination. Jenkins v. U. S. Post Office, 475 F.2d 1256 (9th Cir.), Cert. denied, 414 U.S. 866, 94 S.Ct. 57, 38 L.Ed.2d 86 (1973), Medoff v. Freeman, 362 F.2d 472 (1st Cir. 1966). Reduced to basics, the complaint alleges that plaintiff was hired for ninety days by the defendants, that, after a short time, he was directed to work a different shift, that, after a discussion, defendants told plaintiff he could remain on the original shift if he could get another employee to work the other shift, that, despite plaintiff's obtaining another employee to take his place on the other shift, defendants insisted that he change shifts and, as a result, he was forced to terminate his employment. While it is understandable that plaintiff might feel he was treated unfairly, he "has not shown that he was deprived of liberty or property protected by the Fourteenth Amendment." Board of Regents v. Roth, supra, 408 U.S. at 579, 92 S.Ct. at 2710. There is, therefore, no constitutional foundation for jurisdiction under 28 U.S.C. § 1346(a)(2).
 
 
 17
 The remaining question is whether the allegation of a breach of contract is sufficient footing for a claim under 28 U.S.C. § 1346(a)(2). Appellant made no claim for money damages. He requested an injunction to allow him, in effect, to work on the night shift for the balance of the ninety day period for which he was allegedly hired. Such relief is not available under section 1346(a)(2), which is limited to claims for money damages. Hunsucker v. Phinney, 497 F.2d 29, 36 (5th Cir. 1974), Cert. denied, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975). In his brief, appellant urges us to construe his request for "such other relief as to this Court seems meet and just" as a prayer for monetary damages. If we could see any merit in appellant's contract claim, we might possibly be persuaded to overlook the failure to ask for damages, which could not have been other than intentional. But the contract claim is so obviously deficient that we feel that appellant should be held to his pleadings. It is one thing to construe pleadings liberally, but quite another to read into them material allegations. The fact that appellant was a law student at the time he filed the complaint raises him a few notches above the usual Pro se complainant, and he might as well learn at the outset of his legal career the importance of properly and carefully drawn pleadings. Moreover, there seems no point in needlessly prolonging litigation that is obviously without any legal foundation.
 
 
 18
 The order of the district court dismissing the complaint for lack of subject matter jurisdiction is affirmed.
 
 
 
 [1]
 § 1339. Postal Matters
 The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service.
 
 
 [2]
 The district court evidently based its finding that plaintiff was a probationary employee on plaintiff's statement in the complaint that "probationary employees do not have a right to a grievance procedure." But, under the allegations of the complaint, the plaintiff could not be considered to be a probationary employee because that requires service in such a status for one year. 5 C.F.R., Subpart H § 315.801(a). If would appear that plaintiff's employment status would come under 5 C.F.R., Subpart D § 316.401 which provides for temporary limited appointments for one year or less