**MIDLAND ENERGY CORPORATION, Plaintiff-Appellant,**

v.

**TOTAL PETROLEUM, INC., Defendant-Appellee.**

**MIDLAND ENERGY CORPORATION, Plaintiff-Appellant,**

v.

**VICKERS PETROLEUM CORPORATION, Defendant-Appellee.**

Nos. 8–6, 8–7.

Temporary Emergency Court of Appeals.

Nov. 9, 1979.

Daniel M. Dibble and Stuart W. Conrad, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., for appellant, Midland Energy Corp.

Fred L. Woodworth, Roger K. Timm and Robert H. Gorlin, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., and Landon H. Rowland and Randall C. Werntz, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for appellee, Total Petroleum, Inc.

Daniel Joseph and Harry R. Silver, Akin, Gump, Hauer & Feld, Washington, D. C., and Karl F. Schmidt, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for appellee, Vickers Petroleum Corp.

Before LARSON, BECKER and PECK, Judges.

PER CURIAM:

This appeal is from two cases, consolidated by the district court below, brought by the plaintiff-appellant Midland Energy Corporation (Midland) against the defendants Total Petroleum, Inc., (Total) and Vickers

Petroleum Corporation (Vickers). Midland brought the action in the district court seeking a temporary restraining order compelling defendants to deliver several hundred thousand gallons of gasoline to Midland pursuant to an order of the Department of Energy. The District Court for the Western District of Missouri[1] refused to issue the temporary restraining order and Midland appealed.

The Department of Energy's Temporary Assignment Orders issued on July 20, 1979, ordered both Total and Vickers to supply Midland with 525,051 gallons of gasoline during the months of July and August of 1979. Prior to the issuance of the order the appellees had not had any contractual dealings with Midland. Nevertheless, the temporary assignment orders issued by the Department of Energy clearly were authorized under the Mandatory Fuel Allocation Rules adopted by the Department. *See Mobil Oil Corp. v. Department of Energy*, 469 F.Supp. 1119, 1120–21 (S.D.N.Y.1979). The court in that case sets out the statutory authority to issue such orders and we see no need to do so again here.

Relying on *Mobil Oil*, the appellees refused to comply with the orders issued by the Department of Energy and sought an administrative review of the orders by the Department's Office of Hearings and Appeals, claiming that they had not been afforded due process of law prior to the issuance of the orders. During the pendency of the administrative appeal, appellant Midland brought the present suit in the Western District of Missouri seeking the temporary restraining order. The district court denied the request, holding that Midland had failed to show that immediate, irreparable injury, damage, or loss would occur absent enforcement of the Temporary Assignment Orders.

Midland appeals the denial of the temporary restraining order. Appellees allege that this Court is without jurisdiction to grant the relief requested by Midland, claiming that temporary restraining orders, unlike preliminary injunctions, are nonappealable orders. *See Exxon Corp. v. Federal Energy Administration*, 516 F.2d 1397 (TECA 1975); *Miller v. Dunlap*, 488 F.2d 608 (TECA 1973). We need not reach this issue in this appeal. Since the filing of the appeal, Region VII of the Department of Energy has rescinded the Temporary Assignment Orders issued to Total and Vickers. Consequently, with no order to be enforced, the appeal by the appellant is moot. The appeal is dismissed and the case remanded to the district court for a determination of appellant's right to damages, if any, against the appellees.

1. The Honorable WILLIAM COLLINSON, United States District Judge for the Western District of Missouri.