**Milton J. SHAPP et al., Plaintiffs-Appellants,**

v.

**William E. SIMON et al., Defendants-Appellees.**

**No. 3–4.**

Temporary Emergency Court of Appeals.

Jan. 13, 1975.

Lawrence Silver, Deputy Atty. Gen., Dept. of Justice, and James R. Adams, Harrisburg, Pa., Com. of Pa., on the brief for plaintiffs-appellants.

Allen W. Hausman, Washington, D. C., Carla A. Hills, Asst. Atty. Gen., New York City, Stanley Rose and Christopher Was, Dept. of Justice, Washington, D. C., with him on the brief for defendants-appellees government.

William Simon and Keith E. Pugh, Jr., Washington, D. C., on the brief for defendant-appellee Shell Oil Co.

Edmund K. Trent and James J. Restivo, Jr., Pittsburgh, Pa., on the joint brief for plaintiffs-appellees Pennzoil Co. and United Refining Co., adopting by reference the brief of defendant-appellee Shell Oil Co.

John C. Detweiler, Valley Forge, Pa., on the brief for defendant-appellee Mobil Oil Corp.

Alfred W. Cortese, Jr., Philadelphia, Pa., for appellee Amoco Oil Co.; Richard G. Schneider, Philadelphia, Pa., and C. Lansing Hays, Jr., New York City, for appellee Getty Oil Co. (Eastern Operations); John G. Harkins, Jr., and Barbara W. Mather, Philadelphia, Pa., for appellees Continental Oil Co. and Crown Central Petroleum Corp.; David F. Albright and Richard M. Kremen, Baltimore, Md., for appellee Petroleum Marketing Corp., adopting by reference the brief of Shell Oil Co.

Before HASTIE, CHRISTENSEN and JOHNSON, Judges.

## ON SUGGESTION FOR REMOVAL FROM THE DISTRICT COURT

### PER CURIAM:

The posture of this case is unusual in that its removal to the Temporary Emergency Court of Appeals for trial and adjudication of all issues is proposed before any part of the controversy has been decided by the district court in which suit was properly brought.

In the district court, the Commonwealth of Pennsylvania and the Governor and other high officers of that state sued the Federal Energy Administrator and several corporations that sell gasoline in Pennsylvania. The complaint alleged that wrongful conduct of the Federal Energy Office and various oil companies had resulted in improper diminution of the allocations of gasoline which the Federal Energy Office made available to the Commonwealth and other users of gasoline in Pennsylvania under the Emergency Petroleum Allocation Act of 1973.

On March 11, 1974, the Federal Energy Administrator responded by moving for dismissal of the complaint for lack of standing, mootness, failure to state a claim entitling the plaintiffs to relief and, alternatively, for summary judgment. Then, before the district court acted on his motion, the Administrator moved that the district court certify to this court, as a "substantial constitutional issue", the question he had raised whether the plaintiffs have standing to litigate the claims that constitute their complaint. Section 211(c) of the Economic Stabilization Amendment of 1971, as made applicable to petroleum allocation cases by Section 5 of the Emergency Petroleum Allocation Act of 1973, was invoked as the statutory sanction for such certification. The district court granted this motion and certified to us the question of the plaintiffs' standing.

Promptly thereafter, the Administrator, invoking our power and discretion under Section 211(c) of Economic Stabilization Amendments of 1971, filed a suggestion "that this Court have the entire action sent to it for consideration and final determination". Thus, moving in two steps, the Administrator is seeking to have this entire law suit tried and decided in first instance by the Temporary Emergency Court of Appeals. We cannot properly consider the suggested second step before determining whether the first step of certifying the standing issue to us was appropriate.

The question whether the plaintiffs have standing to litigate the claims they have asserted arises under the provision of Section 210(a) of the 1971 Act that "any person suffering legal wrong be-

cause of this title" may bring an action in the district court. Thus, the district court was confronted with the question whether any of the plaintiffs is a "person suffering legal wrong" through the acts alleged in the complaint. This, in our view, is essentially a question of the interpretation of a statute and the applicability of its language to persons who are affected, in the ways that plaintiffs say they are, by the conduct complained of. We do not understand it to be contended that Congress could not constitutionally authorize the Commonwealth of Pennsylvania or its Chief Executive to bring such a suit as this. Rather, the question is whether such authority is conferred by Section 210(a). We hold that this is not a "substantial constitutional question" within the meaning of Section 211(c).[1]

This case has come to this court pursuant to an inappropriate certification by the district court. The case is hereby remanded to the district court with direction to determine the merits of the March 11, 1974 motion to dismiss and, more generally, to proceed with this litigation as may be appropriate for the adjudication of the controversy.

1. *Cf.* Gonzalez v. Automatic Employees Credit Union, 1974, 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249, where, under a different statutory scheme, a decision by a three-judge district court, dismissing for lack of standing a plaintiff's challenge to the constitutionality of a state statute, was held not to present "a substantial constitutional question" directly reviewable by the Supreme Court.