**M. SPIEGEL & SONS OIL CORP.,**
**Plaintiff-Appellee,**

**v.**

**B. P. OIL CORP., Defendant-Appellant,**

**and**

**Standard Oil Company (SOHIO),**
**Defendant.**

**No. 11, Docket 74–2079.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 27, 1976.

Decided March 9, 1976.

Andrew C. Hartzell, Jr., New York City (Martin Frederic Evans, Douglas S. Eakeley, Debevoise, Plimpton, Lyons & Gates, New York City, of counsel), for defendant-appellant.

Anthony J. D'Auria, New York City (Joseph A. DiBenedetto, Herbert J. Deitz, Cole & Deitz, New York City, of counsel), for plaintiff-appellee.

Before MANSFIELD, TIMBERS and MESKILL, Circuit Judges.

PER CURIAM:

Defendant-appellant, B. P. Oil Corp., seeks review of an order of the United States District Court for the Eastern District of New York, Orrin G. Judd, *Judge,* entered on July 26, 1974, granting a preliminary injunction restraining appellant from discontinuing the sale of gasoline to plaintiff, M. Spiegel & Sons Oil Corporation, and from foreclosing the mortgages on several of plaintiff's gasoline stations. Plaintiff sought this relief under the Emergency Petroleum Allocation Act, 15 U.S.C.A. §§ 751, *et seq.* ("EPAA" herein), and requested additional equitable and legal relief on several antitrust and common law grounds. Defendant moved for a stay of the action or its transfer to the District Court of New Jersey, where a similar action involving most of the antitrust and common law contentions lies dormant.[1] In granting the preliminary injunction and denying both the stay and the request for transfer, the district court did not pass on the alleged antitrust or common law violations; it grounded relief exclusively on the EPAA. We dismiss defendant's appeal for lack of jurisdiction.

■ In enacting § 5 of the EPAA, 15 U.S.C.A. § 754(a)(1), Congress incorporated § 211(b)(2) of the Economic Stabilization Act of 1970, 12 U.S.C.A. § 1904, note, which provides that the newly created Temporary Emergency Court of Appeals ("TECA") "shall have exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title . . . ." Since Judge Judd grounded preliminary relief squarely on the EPAA, there remain no substantive issues subject to review by this court that are independent and severable from those reserved for consideration solely by the TECA. Consequently, we must decline jurisdiction. See *Municipal Electric Utility Ass'n v. FPC,* 158 U.S.App.D.C. 188, 485 F.2d 967, 970 (1973); *Municipal Intervenors Group v. FPC,* 153 U.S.App.D.C. 373, 473 F.2d 84 (1972).

■ Moreover, absent jurisdiction over the appeal from grant of the preliminary injunction, we lack jurisdiction over the district court's refusal to stay or transfer the action to New Jersey. A ruling on a stay or transfer motion is not independently appealable under 28 U.S.C. § 1292(a)(1) as a grant or denial of an injunction. See *Semmes Motors, Inc. v. Ford Motor Corp.,* 429 F.2d 1197, 1201 (2d Cir. 1970); 9 Moore's Federal Practice ¶ 110.20[4.–2], at 250. Recognizing this, appellant attempts to create an independent basis of jurisdiction through application of the so-called *Enelow-Ettelson* rule, which empowers an appellate court to treat as an appealable order the granting or denial of a stay of an action in law in order to permit consideration of a matter that formerly could be raised only in equity. See *Enelow v. New York Life Ins. Co.,* 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935); *Ettelson v. Metropolitan Life Ins. Co.,* 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942). "[T]he practical

---

1. Fearing loss of its supply of gasoline from B. P. Oil Corp.; plaintiff on April 23, 1973 filed suit in the federal court in New Jersey raising many of the same antitrust and common law claims later asserted in the court below. The parties reached a tentative settlement on June 28, 1973, but the settlement never was effectuated as B. P. Oil Corporation ceased gasoline deliveries to plaintiff after June 30. On July 11, the parties renegotiated an extension of the gasoline shipments and mortgage payments for another year. As part of that agreement, the parties ostensibly entered into a stipulation of settlement concerning the New Jersey action but never filed the settlement with the district court, apparently awaiting the conclusion of further accounting proceedings. Consequently, the New Jersey action was effectively, albeit not officially, terminated when plaintiff filed suit in the Eastern District in June 1974.

effect of that rule is to permit, in certain actions, appeals from two kinds of orders: (1) orders granting or denying trial by jury; and (2) orders staying or refusing to stay pending actions until issues involved in them are referred to arbitration." 9 Moore's Federal Practice ¶ 110.20[3], at 240. We, however, see little merit in further modifying § 1292(a)(1) through extension of this exception well beyond the narrow confines in which it historically has developed, see *City of Morgantown v. Royal Ins. Co.,* 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949); 9 Moore's Federal Practice ¶ 110.-20[4.–2], at 251–52; cf. *Baltimore Contractors v. Bodinger,* 348 U.S. 176, 184–85, 75 S.Ct. 249, 254–55, 99 L.Ed. 233, 239–40 (1955), particularly when, as here, the stay is sought in an action that is largely equitable in nature, see *Western Geophysical Co. v. Bolt Associates,* 440 F.2d 765, 771 (2d Cir. 1971). Consequently, we decline to consider the transfer and stay issues at this time, reserving them for review by the TECA should it deem such ancillary review proper, see *Mosley v. Nationwide Purchasing Inc.,* 485 F.2d 418 (Em.App.1973), or for reconsideration by the district court should plaintiff seek to revive his antitrust and common law claims.

In holding that we lack jurisdiction over the present appeal we are aware that, in deference to the Congressional mandate that final adjudication of EPAA questions should neither be delayed nor be fragmented, TECA will not hear appeals of preliminary injunctions as a matter of right. *Exxon Corp. v. Federal Energy Admin.,* 516 F.2d 1397 (Em.App.1975); *Spinetti v. Atlantic Richfield Company,* 522 F.2d 1401 (Em. App.1975). However, the appellant here has acted in good faith to attain review in this court. The preliminary injunction has remained in force over 18 months, and it appears likely that construction of the EPAA, particularly on the question of whether the EPAA precludes major oil companies such as defendant from accelerating mortgage payments due from its distributors, will control the litigation. Accordingly, we recommend that the district court and TECA give serious consideration to expediting this appeal under the certification procedure of 28 U.S.C. § 1292(b) or under the original jurisdiction granted to the TECA under the EPAA, see *Exxon Corp. v. Federal Energy Admin., supra,* 516 F.2d at 1402–03.

Appeal dismissed.