Robert W. SPINETTI et al.,
Plaintiffs-Appellants,

v.

ATLANTIC RICHFIELD COMPANY and Federal Energy Administration,
Defendants-Appellees.

No. 9–35.

Temporary Emergency Court of Appeals.

Oct. 29, 1976.

As Amended March 29, 1977.

Francis O. Scarpulla and Tracy R. Kirkham, Cooper & Scarpulla, San Francisco, Cal., for Robert W. Spinetti, et al.

Peter R. McEnroe, Los Angeles, Cal., F. Bruce Dodge, Morrison & Foerster, San Francisco, Cal., for Atlantic Richfield Co.

Stanley D. Rose and Linda L. Pence, Dept. of Justice, Washington, D.C., for FEA, et al.

Before CARTER, CHRISTENSEN and ESTES, Judges.

PER CURIAM.

This appeal, originally consolidated in this court for hearing with No. 9–36, *Atlantic Richfield Company, Plaintiff-Appellant v. Federal Energy Administraton, et al., Defendants-Appellees; Robert William Spinetti, et al., 556 F.2d 542 (Em.App.) Intervenors-Appellees, arises from the continuing* litigation in *Robert W. Spinetti, et al. v. Atlantic Richfield Company, et al.* (USDC ND Cal.Dkt. No. C–75–0324), TECA No. 9–35, and action of the district court in the related case of *Atlantic Richfield Company v. Federal Energy Administration* (USDC ND Cal.Dkt. No. C–75–591), TECA No. 9–36.

In *Spinetti v. Atlantic Richfield Company,* 522 F.2d 1401 (Em.App.1975), this court, on August 18, 1975, dismissed the appeals of plaintiffs Robert W. Spinetti (TECA No. 9–20) and Douglas Hughes, W. G. Zandell, and Gordon H. Wallace (TECA No. 9–21) from the denials of preliminary injunctive relief on March 6 and 31, 1975, respectively, by the United States District Court for the Northern District of California in Case No. C–75–0324, relying on *Exxon Corp. v. Federal Energy Administration,* 516 F.2d 1397 (Em.App.1975). We held in *Spinetti, supra,* 522 F.2d at 1404, that "any appeal to this court from an interlocutory order granting or denying a preliminary injunction may be taken only on certification [under 28 U.S.C. § 1292(b)] by the district court." On November 24, 1975, the district court, on remand of TECA Nos. 9–20 and 9–21, denied the above-named plaintiffs' motion for certification of the court's March 6 and 31, 1975 orders.

On July 23, 1976, the district court, in *Robert W. Spinetti et al. v. Atlantic Richfield Company et al.* (USDC ND Cal.Dkt. No. C–75–0324), granted the motion for intervention by plaintiffs M. H. Petersen, A. F. Barlich, Melvin Rufert, Vernon Blackburn, William Roberts, W. W. Pitts, D. P. Latorraca, Clark Saunders, Rudi Dimel, and James Davis. On the same date, the court denied their motion for a preliminary injunction and certified its order to this court pursuant to 28 U.S.C. § 1292(b). On July 28, 1976, plaintiffs Robert William Spinetti, Gordon H. Wallace, Douglas Hughes, and W. G. Zandell (the "Spinetti plaintiffs") and intervenor-plaintiffs M. H. Petersen, V. H. Blackburn, W. S. Roberts, M. L. Rufert, W. W. Pitts, D. P. Latorraca, and R. Dimel filed a notice of appeal (TECA No. 9–35) in

this court from the July 23 order.[1] Appellants' motion in TECA No. 9–35 for an injunction pending appeal was denied on July 29, 1976, under the authority of *Atlantic Richfield v. Frank G. Zarb, et al.,* 532 F.2d 1363 (Em.App.1976).

On August 13, 1976, the district court entered its order granting the Spinetti plaintiffs partial summary judgment on their claim that they are "wholesale purchaser-resellers" within the meaning of 10 CFR § 211.51 and denying them partial summary judgment with respect to their claim that ARCO's closing of certain bulk plants violates 10 CFR § 211.9. Then, pursuant to 28 U.S.C. § 1292(b), the district court certified the August 13 order to this court. On August 16 and 30, plaintiffs[2] and defendant ARCO, respectively, filed petitions pursuant to 28 U.S.C. § 1292(b) and Rule 5(a) Federal Rules of Appellate Procedure(FRAP) for permission to appeal to this court in TECA No. 9–35 from the August 13 order of the district court. Plaintiffs, while not so limiting their petition, seek permission to appeal from that portion of the district court order denying them partial summary judgment on the issue of ARCO's violation of 10 CFR § 211.9. ARCO specifically limits its petition to that portion of the district court's order which determined the Spinetti plaintiffs to be, as a matter of law, wholesale purchaser-resellers within the meaning of 10 CFR § 211.51.

In the related case of *Atlantic Richfield Company v. Federal Energy Administration et al.,* 429 F.Supp. 1052 (USDC ND Cal.), the district court entered its order on July 19, 1976, denying plaintiff ARCO's motion for preliminary injunctive relief and granting summary judgment to the defendants, thereby upholding two determinations by the Federal Energy Administration (FEA) that certain ARCO commission distributors and commission tank truck distributors were wholesale purchaser-resellers within the meaning of 10 CFR § 211.51. On August 13, 1976, ARCO filed a notice of appeal (TECA No. 9–36) in this court from the July 19 order.

On August 20, 1976, this court consolidated for hearing the appeals in TECA Nos. 9–35 and 9–36. After issuance of a consolidated opinion, motions for rehearing were filed. This court granted the motion with respect to No. 9–36, *Atlantic Richfield Company v. Federal Energy Administration,* alone, and a separate opinion therein will be filed. The present appeal in No. 9–35 revolves around the questions of whether certain of ARCO's commission distributors were correctly determined summarily by the district court to be wholesale purchaser-resellers within the meaning of 10 CFR § 211.51 and, if so, whether ARCO's closing of certain bulk plant facilities owned or leased by ARCO and utilized by these distributors constituted a violation of 10 CFR § 211.9 which could be enjoined in the district court.

### TECA No. 9–35

Under 28 U.S.C. § 1292(b), the jurisdiction of the appellate court is discretionary and permission to appeal an interlocutory order pursuant to the section is granted sparingly. *Alabama Lab. Coun., P.E.U., Loc. No. 1279 v. State of Alabama,* 453 F.2d 922, 923 (5th Cir. 1972). The statute provides that when a district court determines that an order not otherwise appealable "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate ap-

---

1. Since the district court's July 23, 1976, order referred to and affected only the intervenor-plaintiffs, the Spinetti plaintiffs (Spinetti, Wallace, Hughes and Zandell) may not appeal from that order. Intervenor-plaintiffs Barlich, Saunders, and Davis were not included in the Notice of Appeal.

2. While joining in the petition for permission to appeal, intervenor-plaintiffs M. H. Petersen, V. H. Blackburn, W. S. Roberts, M. L. Rufert, W. Pitts, D. P. Latorraca and R. Dimel were not parties to the motion for partial summary judgment before the district court and therefore were unaffected by the district court's action. Thus, they are not considered to be petitioners for permission to appeal from the August 13, 1976 order of the district court. The same applies to intervenor-plaintiffs Barlich, Saunders and Davis.

peal from the order may materially advance the ultimate termination of the litigation" and so states in its order, "the *court of appeals may* thereupon, *in its discretion, permit an appeal* to be taken from such order, *if application is made to it within ten days* after the entry of the order." (Emphasis added) 28 U.S.C. § 1292(b).

Defendant-appellee ARCO's motion pursuant to FRAP 27(a) and Rule 33(a) of the Temporary Emergency Court of Appeals (TECA) for an order dismissing the appellants' appeal taken from the July 23, 1976 order[3] is based on two contentions. ARCO asserts, first, that the appellants failed to file a timely petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) and FRAP 5(a) and, second, that the district court improperly certified its order, there being no substantial ground for a difference of opinion as to the legal questions resolved by the order.

■ Appellants in TECA No. 9–35 contend that the clerk of this court advised them that a petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) and FRAP 5(a) was not necessary. This court has twice held that attorneys may not escape from their procedural errors by claiming reliance on a district court clerk's advice. *See United States v. Cooper,* 482 F.2d 1393 (Em.App.1973); *Reed v. Kroger Co.,* 478 F.2d 1268, 1271–1272 (Em.App.1973). We will not retreat from this position merely because it was the clerk of this court who gave the advice which appellants contend led to their failure to file the petition.

The clerk's advice was clearly contrary to TECA Rule 1, which expressly adopts the FRAP in all cases or proceedings in this court except as to those matters specifically covered by our TECA rules. Rule 3 of the FRAP states that appeals by permission under § 1292(b) shall be in the manner prescribed by FRAP 5. Under FRAP 5, to appeal an interlocutory order certified by

the district court pursuant to § 1292(b), a petition for permission to appeal must be filed with the clerk of the court of appeals within 10 days after the entry of the order. The time for filing a petition for permission to appeal may not be enlarged under FRAP 26(b).

■ The notice of appeal filed by plaintiffs in TECA No. 9–35, on July 28, 1976, may not be construed as a substitute for the petition for permission to appeal required by FRAP 5. Numerous courts have so held and have required strict compliance with provisions of § 1292(b) and FRAP 5. *See In re La Providencia Development Corp.,* 515 F.2d 94 (1st Cir. 1975); *Hanson v. Hunt Oil Company,* 488 F.2d 70 (8th Cir. 1973); *Alabama Lab. Coun., P.E.U., Loc. No. 1279 v. State of Alabama,* 453 F.2d 922 (5th Cir. 1972); *Wagner v. Burlington Industries, Inc.,* 423 F.2d 1319 (6th Cir. 1970); *Milbert v. Bison Laboratories, Inc.,* 260 F.2d 431 (3rd Cir. 1958). In addition, under FRAP 5(d), a notice of appeal is unnecessary where the court of appeals grants the petitioners permission to appeal.

■ Contrary to this court's decisions in *Exxon Corp. v. Federal Energy Administration,* 516 F.2d 1397 (Em.App.1975); *Gulf Oil Corp. v. F. E. A.,* 521 F.2d 810 (Em.App. 1975); and *Spinetti v. Atlantic Richfield Co.,* 522 F.2d 1401, 1403 (Em.App.1975), appellants assert that the TECA must accept a § 1292(b) certification as an appeal of right. This ignores not only the strict construction of our statutory grant of jurisdiction, so often alluded to by this court, *see Spinetti v. Atlantic Richfield Co.,* 522 F.2d 1401 (Em.App.1975); *United States v. State of California,* 504 F.2d 750, 754 (Em.App. 1974), *cert. denied* 421 U.S. 1015, 95 S.Ct. 2423, 44 L.Ed.2d 684 (1975); and *United States v. Cooper,* 482 F.2d 1393, 1395 (Em. App.1975), approved in *Bray v. United States,* 423 U.S. 73, 96 S.Ct. 307, 46 L.Ed.2d 215 (1975), but also our express statement

---

**3.** We note that TECA Rule 26(a) states: "Within a maximum of 10 days after the notice of appeal has been filed in this court, the appellee may file a motion to dismiss or a motion to affirm." Although ARCO's motion for dismiss-al of the notice of appeal of July 28, 1976 was not filed until August 12, 1976, Rule 26(a) provides that an extension of the 10-day limit may be granted by the court *sua sponte.*

in *Gulf Oil Corp. v. Federal Energy Administration,* 521 F.2d 810 (Em.App.1975), which we repeated in *Spinetti v. Atlantic Richfield Co.,* 522 F.2d 1401, 1404 (Em.App. 1975), that "[S]ection 211(d)(2) of the Economic Stabilization Act of 1970, as amended, 12 U.S.C. § 1904 note, which defines our appellate jurisdiction, does not permit an appeal of right to this court from an order granting or denying a preliminary injunction."

Not having jurisdiction, this court need not reach ARCO's second contention regarding improper certification of the July 23, 1976, order.

With respect to the appeal from the district court's order of August 13, 1976, we deny the petitions of both plaintiffs and defendants for permission to appeal to this court. The substantive issues involve material questions of fact regarding the wholesale purchaser-reseller status of the plaintiffs within 10 CFR § 211.51 and the alleged violation of the 10 CFR § 211.9 supply obligation by the defendant, which questions should be resolved at a trial on the merits.

Finding that appellants in TECA No. 9–35 have failed to file a petition for permission to appeal from the July 23, 1976 order within the 10-day period prescribed by § 1292(b) and FRAP 5(a), or at any time, we therefore dismiss the appeal from that order for lack of jurisdiction. We deny the petitions of plaintiffs and defendants for permission to appeal in TECA No. 9–35 from the district court's interlocutory order of August 13, 1976.

*So Ordered.*