**Harold Gene RILEY, Plaintiff,**

v.

**DOW CORNING CORPORATION; Hubert F. (Joe) Brooks, Hilda Garris; Bennett Keith Wagoner; B. Matthew Petcoff; and Gary T. Burns, Plan Administrator of Dow Corning Corporation Employee Retirement Plan, Defendants.**

No. C–89–486–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Feb. 18, 1992.

Robert E. Sheahan, Ronda Lovell Lowe, Robert E. Sheahan & Associates, High Point, NC, for plaintiff.

Harold Gene Riley, pro se.

Frank Pelouze Ward, Jr., Robert Arthur Valois, Thomas A. Farr, Maupin Taylor Ellis & Adams, P.A., Raleigh, NC, for Dow Corning Corp., Herbert F. Brooks, Hilda Garris, Bennett Keith Wagoner, B. Matthew Petcoff.

Frank Pelouze Ward, Jr., Thomas A. Farr, Maupin Taylor Ellis & Adams, Raleigh, NC, for Gary T. Burns.

### MEMORANDUM OPINION

ERWIN, Chief Judge.

This matter is before the court upon defendant Dow Corning Corporation's motion for reconsideration or clarification and motion for certification of interlocutory appeal. Additionally, this court will consider plaintiff Harold Gene Riley's motion for reconsideration of plaintiff's claims of intentional inflic-

tion of emotional distress and violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.* (West 1985 & Supp.1991).

The parties have fully briefed their positions, and oral arguments have been heard. The matter is now ready for a ruling. The court denies all motions by both the plaintiff and defendant. The court stands by its July 24, 1991 dismissal of plaintiff Riley's causes of action except for Riley's claim against certain individual defendants for malicious interference with contract and Riley's claim against defendant Dow Corning Corporation for bad faith discharge. Hence, these matters remain to be decided by a fact finder, in that this court does not find as a matter of law that these issues should be dismissed.

### Factual Background

Plaintiff Harold Gene Riley was an employee of the Dow Corning Corporation. At the time of this suit, Riley was employed at the Dow Corning Corporation for nineteen years and six months. Riley was forty-nine years old at the time of his discharge from the company. At Dow, Riley was employed as a custom color specialist. His position with the company terminated on July 15, 1987.

Riley was fired from the company for allegedly falsifying records. The termination was immediate and did not afford to plaintiff progressive disciplinary action. The nature of Riley's conduct on July 13, 1987 warranted immediate dismissal according to Dow Corning Corporation officials.

The questioned conduct of falsifying test results occurred while Riley was being observed by three Dow Corning employees. On July 13, 1987, defendants Hubert F. (Joe) Brooks, B. Matthew Petcoff, and Bennett Keith Wagoner, all agents of Dow Corning Corporation, came to plaintiff Riley's work area. The three Dow employees observed Riley perform his task of testing samples.

Upon completion of the testing, defendant Brooks threw away the trash from the testing. Brooks removed a plastic liner from the trash can and accused Riley of falsifying test results based on the fact that only three cups of tested product were found in the plastic liner when twelve test samples should have been run by Riley for the particular test. Based on this finding by Brooks and an internal investigation, Riley was suspended immediately and terminated two days later on July 15, 1987.

Subsequent to Riley's firing, plaintiff Riley alleges that several unusual occurrences developed. First, Riley alleges that Dow Chemical Corporation did not retain any of the cups Joe Brooks removed from the plastic liner on July 13, 1987. Next, Riley contends that eight cups containing product sample were mailed to his counsel anonymously. Upon examination of these cups, Riley further contends that the containers are the same type of containers used at Dow Corning Corporation and that they appear to contain PNA232 sealant, the chemical being tested by Riley on July 13, 1987. Finally it is Riley's contention that the sample cups have surface marks identical to the marks made by the penetrometer [1] that was used by Riley to do the testing for Dow Corning Corporation.

On July 14, 1989, Riley filed a complaint against defendant Dow Corning Corporation and certain employees whom plaintiff alleges conspired to cause his termination. The action seeks legal, equitable, and other relief under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq.* (West 1985 & Supp.1991), and the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* (West 1985 & Supp.1991). The complaint further alleges wrongful discharge, tortious interference with contract, prospective advantage, conspiracy, negligence, libel, slander, defamation, and intentional infliction of emotional distress. Plaintiff Riley also seeks recovery for unpaid wages and overtime under the Fair Labor Standards Act of 1938, 12 U.S.C. §§ 201 *et seq.* (West 1965 & Supp.1991), and other applicable laws.

By judgment dated July 24, 1991, this court dismissed all of plaintiff Riley's claims with the exception of three. These included

---

1. A penetrometer is a device used for measuring the penetrability of a solid.

the tortious contract interference, tortious conspiracy, and the wrongful discharge claims. Defendants Hilda Garris and Gary T. Berner were excluded from the tortious contract interference claim, while Garris was excluded from the tortious conspiracy claim.[2]

### Legal Discussion

This court, in an opinion dated July 24, 1991, outlined in detail its reasons for the dismissal of certain of plaintiff's claims. Similarly, this court detailed its reasoning for allowing certain of the plaintiff's claims to withstand a summary judgment motion. In light of that opinion this court will not repeat that reasoning at this time. However, the court will address the motions of the parties as they relate to certification of interlocutory appeal, subject matter jurisdiction, and reconsideration.

### Certification of the "Bad Faith" Discharge Claim

■ Motions for certification of interlocutory appeal are controlled by 28 U.S.C. § 1292(b) of the Federal Rules of Civil Procedure. Review pursuant to § 1292(b) requires that defendants show (1) that a controlling question of law exists (2) about which there is a substantial basis for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The rule requires strict adherence to all statutory requirements before certification will be allowed. *Spinetti v. Atlantic Richfield Co.*, 552 F.2d 927 (1977).

■ The core question in the certification process is whether an immediate reversal of an issue at the appellate level will save the parties unnecessary time and expense. *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970), *cert. denied*, 401 U.S. 974, 91 S.Ct. 1191, 28 L.Ed.2d 323 (1971). Hence, the court will apply that core issue to the case at bar.

■ The defendants have asked for certification on the wrongful discharge claim of plaintiff. The defendants contend that the Eastern and Western Districts of North Carolina have clearly rejected arguments that the *Coman* exception to the at-will doctrine includes a cause of action for "bad faith" discharge.[3] Hence, this issue should be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

■ Certification requires the consent of both the district court and the court of appeals. Section 1292(b) is discretionary and is to be used prudently. The legislative history of the statute suggests that there is a strong federal policy against piecemeal appeals. *Pfizer, Inc. v. Lord*, 522 F.2d 612 (8th Cir.1975) *cert. denied*, 424 U.S. 950, 96 S.Ct. 1421, 1422, 47 L.Ed.2d 356 (1976).

In this case, certification would not serve to expedite issues in the case. Contrarily, this case has been before this court since July 1989. Certification would only serve to further delay the trial process. The Seventh Circuit noted that "special care must be taken to avoid the risk that a section 1292 appeal may actually impede, rather than expedite, conclusion of the entire case". *Fisons Ltd. v. U.S.*, 458 F.2d 1241, 1242 (7th Cir.1972), *cert. denied*, 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 581 (1972).

Despite the holdings in bad faith discharge cases by the Eastern and Western Districts of North Carolina, the court believes that a reasonable jury could find that employees of Dow Corning Corporation acted in bad faith and violated public policy. As the court stated in the July 24, 1991 Memorandum Opinion: "Even at-will employees deserve some protection from malicious scheming and deeds." *Riley v. Dow Corning Corp.*, 767 F.Supp. 735 (MDNC 1991). Hence, the issue of bad faith discharge should be allowed to go to a jury.

2. The plaintiff contends that defendants Hubert F. Brooks, Hilda Garris, Bennett Keith Wagoner, B. Matthew Petcoff, and Gary T. Berner, all Dow Corning employees, tortiously interfered with his Dow Corning employment contract.

3. *Coman v. Thomas Mfg. Co.*, 325 N.C. 172, 381 S.E.2d 445 (1989).

732

*Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter*

■ Of the three remaining claims in this action, all are state law claims. Each of the federal claims has been dismissed. The decision as to whether to exercise jurisdiction over these state law claims is entirely within the discretion of the court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ The court has subject matter jurisdiction over the state law claims since the federal claims were timely filed. The federal claims were pursued in good faith and with diligence; hence, even though those claims have been dismissed, the court may retain the state law claims.

■ Since the case at bar has been in the federal court system for so long and since the court is familiar with the facts and circumstances of the case, the court will exercise its discretion to maintain subject matter jurisdiction over the remaining state law claims. Accordingly, the parties will be apprised of a date for a jury trial on the remaining issues.

*Reconsideration of Plaintiff Riley's Intentional Infliction Claim and Age Discrimination Claim*

As stated previously, this court critically outlined its reasoning for denying the claims of plaintiff in the July 24, 1991 Memorandum Opinion. The court has reassessed this reasoning. After reconsideration, the court is of the opinion that no additional evidence or law has been presented that would so persuade the court to rule counter to the July 24, 1991 ruling. Hence, the reconsideration motions are denied.

*Conclusion*

In light of the foregoing, the court hereby rules that defendant Dow Corning Corporation's motion for reconsideration and certification of interlocutory appeal is DENIED. The court also DENIES plaintiff Riley's motion for reconsideration of the intentional infliction of emotional distress claim and the Age Discrimination in Employment claim. The court will exercise pendent jurisdiction over the remaining claims of bad faith discharge and malicious interference with contract against certain individuals. A judgment in accordance with this memorandum opinion will be filed contemporaneously herewith.