**Harold Gene RILEY, Plaintiff,**

v.

**DOW CORNING CORPORATION; Hubert F. (Joe) Brooks, Hilda Garris; Bennett Keith Wagoner; B. Matthew Petcoff; and Gary T. Berner, Plan Administrator of Dow Corning Corporation Employee Retirement Plan, Defendants.**

**No. C–89–486–G.**

United States District Court, M.D. North Carolina, Greensboro Division.

May 29, 1992.

Robert E. Sheahan, Ronda Lovell Lowe, Robert E. Sheahan & Associates, High Point, NC, for plaintiff.

Harold Gene Riley, pro se.

Frank Pelouze Ward, Jr., Robert Arthur Valois, Thomas A. Farr, Maupin Taylor Ellis & Adams, P.A., Raleigh, NC, for defendants.

## ORDER

ERWIN, District Judge.

This matter is before the court on defendants' second motion for reconsideration. The defendants moved this court to reconsider its Orders of July 24, 1991, 767 F.Supp. 735, and February 18, 1992, 876 F.Supp. 728 to dismiss a remaining claim in this action for bad faith discharge. Upon reconsideration, the court GRANTS defendants' motion.

The reason given for the reconsideration comes from the recent decision by the North Carolina Supreme Court in *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 416 S.E.2d 166 (1992). In *Amos*, the North Carolina Supreme Court unequivocally stated that North Carolina has not recognized a "bad faith" exception to the employment-at-will doctrine. Hence, this court's July 24, 1991 and February 18, 1992 decisions incorrectly interpreted the decision by the North Carolina Supreme Court in *Coman v. Thomas Mfg. Co.*, 325 N.C. 172, 381 S.E.2d 445 (1989).

The February 18, 1992 Memorandum Opinion and accompanying Judgment retained jurisdiction of the plaintiff's claims of bad faith discharge and malicious interference with contract against certain individuals. *Riley v. Dow Corning Corp.*, No. C–89–486–G, 876 F.Supp. 728 (M.D.N.C. February 18, 1992). At that time the court was of the opinion that these issues should be decided by a fact finder and set the wheels in motion for a jury trial on these issues.

The North Carolina Supreme Court's *Amos* decision has shed light on this issue. In *Amos*, the final of three questions to be decided was whether *Coman* recognized a separate and distinct claim for bad faith discharge. The North Carolina Supreme Court held that the answer to this final question is "No." *Amos* at 173.

In so holding, the North Carolina Supreme Court recognized that much of the language in *Coman* was dicta. The issue in *Coman*, according to the reasoning of the state's high court, was whether to adopt a public policy exception to the employment-at-will doctrine. *Amos* at 173. In *Coman*, such a policy was adopted; however, never did the court recognize a separate claim for wrongful discharge in bad faith. *Id.*

In the case at bar, plaintiff Riley asks this court to consider a separate claim for wrongful discharge in bad faith. As a result of the decision in *Amos*, plaintiff's sole remaining legal theory that his discharge was the result of malicious scheming or personal animosity by one or more of the individual defendants, must be dismissed. This theory does not state a claim upon which relief can be granted under North Carolina law as construed by the North Carolina Supreme Court. Accordingly, plaintiff Riley's claim against defendants is hereby dismissed.

IT IS SO ORDERED.